# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHARLES WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-1154-JTM |
| ) | |
| COMFORT SYSTEMS/ ) | |
| WALDINGER CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Order Not Allowing More Time to Answer (Doc. 8), seeking an order from the Court overruling the Clerk's Order (Doc. 7) extending Defendant's time to answer by ten days. Plaintiff argues that Defendants have already had over 60 days to answer.

D. Kan. Rule 77.2(a)(2) authorizes the clerk to grant orders extending the time to answer by ten days "if the time originally prescribed to plead has not expired." Because Defendant waived service of process, Defendant had sixty days from the date that Plaintiff sent the request for waiver of service. Fed R. Civ. P 4(d)(3).

In this case, Plaintiff sent the waiver of service on May 20, 2005. Accordingly, it appears that Defendant's answer or request for clerk's extension of

time was due within 60 days after May 20, 2005, by July 20, 2005.[1]  Defendant did not submit a request for extension of time until August 12, 2005.  However, it appears to the Court that Defendant was misled as to the proper time for filing by a clerical mistake in a docket entry, indicating that Defendant's answer was not due until August 19, 2005, 90 days after the date Plaintiff sent the request for waiver of service.[2]  In the Clerks Order extending Defendant's time to answer, the clerk extended Plaintiff's time to answer to August 29, 2005.  (Doc. 7.)

Although Defendant's time for answer or request an extension of time appears to have run, the Court believes that Defendant relied on the docket entry stating the date for filing an answer in good faith.  Accordingly, the Court will not set aside the Clerk's order and will allow Defendant until **August 29, 2005** to file its answer.  Because it appears that Defendant has had an additional 30 days in which to file his answer, and the Court will not grant any further extensions of time for Defendant to file its answer.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Order Not Allowing More Time to Answer, is DENIED.  Defendant shall have until August

---

[1] The answer time would be 90 days if the request for waiver was sent outside the United States.

[2] Docket entry 4, Waiver of Service, initially noted that Defendant's answer was due on 8/19/2005.  That entry has since been corrected to remove that date.

29, 2005 to file its answer.

    Dated at Wichita, Kansas on this 19th day of August, 2005.

                                        s/  Donald W. Bostwick
                                        DONALD W. BOSTWICK
                                        United States Magistrate Judge