# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHARLES WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | Case No. 05-1154-JTM-DWB |
| ) | |
| COMFORT SYSTEMS, a division of ) | |
| WALDINGER CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## **ORDER**

Before the Court is Defendant's Motion to Compel. (Doc. 31). Defendant's supporting memorandum (Doc. 32) notes that Defendant is seeking an order requiring Plaintiff to "produce all documents and things in his possession, custody, or control that are responsive to Defendant's First Request for Production of Documents to Plaintiff, Request No. 1." (Doc. 32 at 2.) More specifically, Defendant has requested Plaintiff's "federal and state tax returns, including schedules and attachments, for the past four (4) years." (Doc. 32 at 3.)

Defendant filed the present motion on January 11, 2006. Plaintiff, who appears *pro se*, has failed to file a response and the time for doing so has expired.[1]

---

[1] On January 4, 2006, Plaintiff filed an untitled document (Doc. 29) which was docketed by the Clerk's office as a response to the Court's Order (Doc. 21) on a prior Motion

"If a respondent fails to file a response within the time required by Rule 7.1(b), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." **D.Kan. Rule 7.4**. However, in this case the Court will proceed to examine the merits of the motion.

In order to balance liberal discovery rules with a policy recognizing the confidential nature of tax returns, courts will apply a two-pronged test to determine whether production of tax returns should be ordered. ***City of Wichita, Kansas v. Aero Holdings, Inc.***, 2001 WL 1318422 (D. Kan. 2001). First, the court must conclude that the tax returns are relevant to a claim or defense of a party.[2] Second,

---

to Compel filed by Defendant (Doc. 19). However, Plaintiff's filing apparently makes reference to the discovery request at issue by stating "(objections) for tax returns for 5 years." (Doc. 29.) Plaintiff's filing also states, in part, that Defendant did not comply with the requirements of D.Kan. Local Rule 37.2. Based on declarations in Defendant's motion, however, the Court is satisfied that defense counsel made appropriate effort to confer with Plaintiff prior to filing the Motion to Compel. (Doc. 32 at 2). The Court will treat Plaintiff's "Objection" as a response to the motion at issue even though it was filed a week before the pending Motion to Compel. At a telephone status conference on February 3, 2006, Plaintiff indicated to the Court that this was his intent in filing the objection. During the status conference, the Court allowed additional argument from the parties concerning production of the tax returns.

[2]Prior opinions from the District of Kansas have required that the tax returns be relevant to the subject matter of the action. *See, e.g.,* ***Audiotext Communications Network, Inc. v. US Telecom, Inc.***, 1995 WL 625962 (D. Kan. 1995); ***Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.***, 130 F.R.D. 149, 151 (D. Kan. 1990). However, the standards for relevancy were changed in the 2000 amendments to Fed. R. Civ. P. 26(b). Fed. R. Civ. P. 26 advisory committee's notes - 2000 Amendment. Under the pre-2000 version, discovery could be obtained on any matter relevant to the "subject matter" of the action." *Id*. On the other hand, the current version of Rule 26(b) limits discovery to matters "relevant to the claim or defense of any party . . . ," *id.*, with an opportunity to expand discovery to matters

2

the court must conclude that there is a "compelling need for the returns because the information contained therein is not otherwise readily obtainable." *Id.*

The Court concludes that Defendant has satisfied both prongs of the test. This is a discrimination claim in which Plaintiff alleges he was terminated because of his disability.  (*See generally* Doc. 1.)  Lost wages will be one element of Plaintiff's claimed damages.   Therefore, he has placed his income directly at issue in this lawsuit, making his tax returns relevant and satisfying the first prong of this test.  ***Hilt v. SFC Inc***., 170 F.R.D. 182, 187-88 (D.Kan. 1997).  Further, the Court is unaware of a source other than Plaintiff's tax returns from which Defendant could ascertain the relevant information.  As such, Defendant satisfies the compelling need prong of the test.

The Court therefore orders and directs Plaintiff to serve on Defendant the requested documents within **fifteen (15)** days of the date of this Order.  If Plaintiff so designates, these tax returns may be considered as confidential under the Protective Order entered in this case.  *See* Doc. 14.

IT IS THEREFORE ORDERED that Defendant's Motion to Compel (Doc. 32) is GRANTED.

---

"relevant to the subject matter involved in the action" for good cause shown. *Id*. Accordingly, relevancy should be measured by the narrower "claims or defenses" standard, rather than the broader "subject matter involved in the action" standard.

Dated at Wichita, Kansas, on this 3${}^{rd}$ day of February, 2006.

                                    <u>s/ Donald W. Bostwick</u>
                                    DONALD W. BOSTWICK
                                    United States Magistrate Judge