## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHARLES WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) Case No. 05-1154-JTM-DWB |
| | ) |
| COMFORT SYSTEMS, a division of | ) |
| WALDINGER CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## ORDER

Before the Court is Plaintiff's "Objection" (Doc. 26).  In this document,

Plaintiff objects to the Court's Order (Doc. 21) granting Defendant's Motion to

Compel Plaintiff to Sign Social Security Consent.  (Doc. 19).  As discussed in

Section I, below, this objection is OVERRULED.  Plaintiff also objects to

Defendant's request for the production of his medical records from Dr. Ball and

Dr. Bruner.  (Doc. 26.)  As discussed in Section II, the Court also OVERRULES

this objection.[1]

---

[1] To the extent Plaintiff's document titled "Discovery Disputes" (Doc. 29) contains objections regarding the Social Security consent form and/or Defendant's medical records subpoenas, the same are hereby OVERRULED.

## I.      Plaintiff's Social Security Records.

Plaintiff objects to the Court's Order (Doc. 21) granting Defendant's Motion

to Compel Plaintiff to Sign Social Security Consent.  (Doc. 19).  The Court entered

its previous Order (Doc. 21) after time had expired for Plaintiff to file a response to

Defendant's Motion to Compel (Doc. 19).  While noting that uncontested motions

"ordinarily will be granted without further notice," D.Kan. Local Rule 7.4, the

Court, in its Order, proceeded to analyze the merits of Defendant's motion.  (Doc.

21.)  After receiving Plaintiff's "Objection," Defendant filed its Response (Doc.

27) and Supporting Memorandum (Doc. 28), arguing that Plaintiff's objection was

untimely and that it is entitled to unrestricted access to Social Security information

concerning Plaintiff.

To the extent Plaintiff is requesting that the Court reconsider its previous

order, he has failed to comply with the Federal Rules of Civil Procedure and

D.Kan. Local Rules.  Even so, the Court has considered Plaintiff's "Objection"

(Doc. 26) and reaffirms its previous Order.

The Court previously held that, in the absence of a response to Defendant's

motion from Plaintiff, the Court would be unable and unwilling to surmise as to

Plaintiff's potential objections to the consent form.  (Doc. 21 at 2.)  Plaintiff's

"Objection" now identifies the basis for his disagreement with the form – that, in

Plaintiff's opinion, Defendant needs SSA records from 2003 only.  (Doc. 26.)[2]

As Plaintiff well knows, this is an employment discrimination case alleging disability discrimination pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA").  Plaintiff allegedly testified that he has received Social Security disability benefits since 1997, including while he was employed by Defendant.  (Doc. 20 at 1.)  According to Defendant, the Social Security Administration ("SSA") withdrew Plaintiff's benefits after his employment with Defendant was terminated; Defendant further alleges that the benefits were subsequently reinstated by the SSA at Plaintiff's request.  (*Id*. at 1-2.)  Plaintiff has not contested any of these allegations made by Defendant.

As Defendant stated in the memorandum supporting its Motion to Compel, Plaintiff seeks future lost wages from the time of his termination, "yet has purportedly represented to the Social Security Administration that he is disabled and cannot work."  (Doc. 20 at 4.)  Based upon the nature of Plaintiff's claims and the recovery he seeks, the Court agrees that the documents covered by the Consent are relevant to these proceedings.

Plaintiff claims he was discriminated against because he was disabled and/or was perceived to be disabled.  To the extent he seeks future lost wages, the SSA

---

[2]  The Court also allowed argument from the parties on this issue during a status conference on February 3, 2006.

records are relevant.  If Plaintiff has made statements or submitted evidence to the

SSA that he cannot work because of his disability, this goes to the very heart of his

claim for future lost wages and any defenses thereto.

Plaintiff's objection is, therefore, OVERRULED.

**II.     Plaintiff's Medical Records**.

Plaintiff contends that Defendant are not entitled to the medical records

covered by the subpoenas at issue because Dr. Ball's records "are after I was not

with Comfor [sic] Systems," and Dr. Bruner's records "should not be used for I

believe these are not the places we are looking at, for I didn't get hurt on the job."

(Doc. 26.)  The Court finds that the medical records at issue are relevant and

discoverable and overrules Plaintiff's objections for the same reasons it overruled

Plaintiff's objection to Defendant's subpoena for SSA records.

To prevail under the ADA, an employee must establish (1) he is a disabled

person as defined by the ADA; (2) he is qualified, with or without reasonable

accommodation, to perform the essential functions of the job held or desired; and

(3) the employer discriminated against him because of his disability.  ***Doyal v.***

***Okla. Heart, Inc.*, 213 F.3d 492, 495 (10th Cir. 2000)**.  "To establish a *prima facie*

case of discrimination under the ADA, Plaintiff must first establish that he is

'disabled' within the meaning of the statute."  ***Lusk v. Ryder Integrated Logistics,***

4

**238 F.3d 1237, 1239 (10th Cir. 2001)**.  "Disability" is statutorily defined or established by showing: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." *Id.* (relying on 42 U.S.C. §12102(2)).

Considering the nature of Plaintiff's claims and the recovery he seeks, it is the Court's opinion that the requested medical records from Dr. Ball and Dr. Bruner are highly relevant.  Plaintiff claims he was discriminated against because he was disabled and/or was perceived to be disabled.  Although seeking future lost wages from the time of his termination, Plaintiff has apparently represented that he is disabled and cannot work.

The Court anticipates that Plaintiff's medical records will shed light on the issue of his alleged medical condition.  The Court also anticipates that the records will contain information relevant to whether he is unable to work – for Defendant or any other employer – because of his alleged disability.  Medical information on these issues is relevant regardless of whether Plaintiff was "hurt on the job" with Defendant or whether he received certain medical care and treatment after his employment with Defendant ended.

The Court therefore OVERRULES Plaintiff's objection.

IT IS THEREFORE ORDERED, after careful reconsideration, that

Defendant's Motion to Compel (Doc. 19) is GRANTED.  Plaintiff is ordered and

directed to deliver to Defendant within **ten (10)** days of this Order a fully executed

Social Security consent form, <u>without restrictions</u>.  Any failure by Plaintiff to

comply with this Order may result in the Court finding Plaintiff to be in contempt

and could result in the imposition of relevant sanctions.

IT IS FURTHER ORDERED that Defendant's subpoenas to Dr. Ball and

Dr. Bruner were appropriate and sought relevant, discoverable information.  It is

the Court's understanding that Defendant has collected certain documents pursuant

to the subpoenas at issue.  Defendant is, therefore, free to proceed with these

documents as it sees fit.  The Court also rules that Defendant may proceed with a

subpoena regarding Dr. Bruner's pre-2001 records located at Advanced

Orthopedics, 2778 N. Webb Road, Wichita, Kansas.  (*See* Doc. 28 at 7, note 2.)[3]

Dated at Wichita, Kansas, on this 3rd day of February, 2006.

    s/ Donald W. Bostwick
DONALD W. BOSTWICK
United States Magistrate Judge

---

[3] The Court notes that Plaintiff has designated the SSA records and medical records as confidential documents pursuant to the Protective Order issued in this case.  (Doc. 14.)