# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHARLES WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | Case No. 05-1154-JTM-DWB |
| ) | |
| COMFORT SYSTEMS, a division of ) | |
| WALDINGER CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## ORDER

Before the Court is Plaintiff's Motion for Reprimand and/or Damages for Violation of Privacy Act Rule 5.4.14 (Doc. 46), filed on March 23, 2006. Defendant filed its response that same day. (Doc. 48.) Plaintiff, who appears *pro se*, did not file a reply and the time for doing so has expired. After careful review of the submissions of the parties, the Court is prepared to rule.

## BACKGROUND

This is an employment discrimination case alleging disability discrimination pursuant to the Americans with Disabilities Act, 42 U.S.C. 12101 ("ADA"). Plaintiff testified that he has received Social Security disability benefits since 1997, including while he was employed by Defendant. According to Defendant,

1

the Social Security Administration ("SSA") withdrew Plaintiff's benefits after his employment with Defendant was terminated. Defendant further alleges that the benefits were subsequently reinstated by the SSA at Plaintiff's request.

Defendant filed a Motion to Compel and supporting memorandum (Docs. 19 and 20) on December 7, 2005, requesting the Court to order Plaintiff to execute a Consent for Release of Information, which would authorize the SSA to release Plaintiff's records to defense counsel. The supporting memorandum included as an exhibit a proposed Consent for Release of Information. (Doc. 20, Exh. C.) Defense counsel admits that they "inadvertently failed to redact plaintiff's social security number and date of birth from this document, in accordance with D. Kan. Local Rule 5.4.14." (Doc. 48 at 1.)

Plaintiff filed the present motion on March 23, 2006, requesting "fair and equitable judgment as it relates to this violation of the federally mandated privacy policies to protect individuals from identity theft." (Doc. 46.) Defense counsel "called the Clerk of the Court immediately upon receiving plaintiff's motion and requested that the Clerk remove the exhibit from the public file." (*Id*. at 2.) The Clerk's office, however, told defense counsel that the Clerk would have "to wait until defendant responded to plaintiff's motion and the Court entered an Order before the Clerk could remove the exhibit." (*Id*. at 2.) Defendant filed its response

that same day, contending the "error was inadvertent and unintentional and was not made in bad faith."  (Doc. 48 at 1.)

## DISCUSSION

D. Kan. Local Rule 5.4.14, which embodies the Court's privacy policy regarding personal data identifiers, states in relevant part:

> In compliance with the policy of the Judicial Conference of the United States and the E-Government Act of 2002 . . . , and in order to promote electronic access to case files while also protecting personal privacy and other legitimate interests, parties shall refrain from including, or shall partially redact where inclusion is necessary, the following personal data identifiers from all pleadings filed with the court, including exhibits thereto, whether filed electronically or in paper, unless otherwise ordered by the court:
>
>     (a)    **Social Security Numbers**.  If an individual's Social Security number must be included in a pleading, only the last four digits of that number shall be used.
>
>     . . .
>
>     (c)    **Dates of Birth**.  If an individual's date of birth must be included in a pleading, only the year shall be used.
>
>     . . .
>
> The responsibility for redacting these personal identifiers rests solely with counsel and the parties.  The clerk will not review each pleading for compliance with this rule.

3

> In addition, parties **may refrain from including, or may partially redact where inclusion is necessary**, the following confidential information: personal identifying numbers such as driver's license numbers . . .

(Emphasis in original.) The offending exhibit filed by defense counsel included Plaintiff's Social Security number, driver's license number, and date of birth. (Doc. 46.) As such, Plaintiff requests that the court award him damages or reprimand Defendant for violation of Rule 5.4.14.

As stated previously, upon receipt of Plaintiff's Motion, defense counsel promptly contacted the Clerk of the Court and asked that the exhibit at issue be removed. When informed that the Clerk was unable to do this without a Court order, defense counsel promptly filed its response, requesting that "the Court remove Exhibit C to Doc. 20 immediately and replace it" with a properly redacted exhibit. Defense counsel "regrets this error and asks that the Court recognize defendant's promptness in attempting to resolve the matter as confirmation that this was an inadvertent error." (Doc. 48 at 2.)

Defense counsel and Plaintiff appeared, in person, before the Court on April 11, 2006, at which time the Court allowed the parties to make oral argument relating to this motion. At the hearing, the Court noted that defense counsel made an honest mistake and then took immediate steps to correct the situation. Plaintiff was unable to provide evidence of any actual damage or injury resulting from the

4

filing of the exhibit. As such, the Court can see no basis for awarding sanctions or other relief to Plaintiff at the present time.

The Court is, however, concerned about the disclosure of personal information, whether inadvertent or intentional. Further, the Court is mindful of the purpose Rule 5.4.14 serves. As such, Plaintiff's motion is DENIED, without prejudice, allowing Plaintiff to revisit this issue in the future should he be able to present evidence of actual injury or damage resulting from the inadvertent disclosure of his personal information.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reprimand and/or Damages for Violation of Privacy Act Rule 5.4.14 (Doc. 46) is DENIED, without prejudice.

**FURTHER, THE COURT HEREBY INSTRUCTS** the Clerk of the Court to remove Exhibit C to Doc. 20 from the public file and replace it with Attachment #1 to Doc. 48.

Dated at Wichita, Kansas, on this 26th day of April, 2006.

                                           s/ Donald W. Bostwick
                                           DONALD W. BOSTWICK
                                           United States Magistrate Judge